## Newsome v. Commonwealth.

November 7, 1947.

R. Monroe Fields, Judge.

L. J. May for appellant.

Eldon S. Dummit, Attorney General, and Paris Swinford, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Two indictments were returned against the appellant, Vert Newsome. One was for carrying concealed a deadly weapon, and the other was for shooting and wounding with intent to kill. By agreement both cases were tried together. The jury returned a verdict of not guilty on the charge of shooting and wounding but found him guilty of carrying concealed a deadly weapon and fixed his punishment at confinement in the penitentiary for a period of three years.

Appellant is here asking reversal upon the following grounds: (1) Because the court admitted incompetent evidence. (2) Because the court erred at the close of the Commonwealth's evidence in refusing to grant him a peremptory instruction. (3) Because at the close of all the evidence the court refused to instruct the jury to find the defendant not guilty, and (4) Because of error in instructions.

Under (1) above complaint is made concerning the admission of the testimony of Willie Elswick and his wife, both of whom testified that two or three times the defendant asked Willie Elswick if he was jealous. Appellant contends that this should not have been permitted, and was introduced only for the purpose of prejudicing the jury. However, it must be borne in mind that since by agreement the two cases were tried together, it is highly probable that evidence competent in one if tried separately would have been incompetent in the other had it been tried separately. This should have been anticipated. The testimony relative to a jealous attitude certainly would have been competent in the case of shooting and wounding with intent to kill, as showing possible motive. Obviously, such testimony would have had no place in the deadly weapon trial had there been a separate trial on that charge. After appellant had agreed for the cases to be tried together he cannot now complain about the incompetency of this

testimony as affecting his rights in the matter. Consequently, the contention of appellant relative to that matter must fall.

He next complains under (1) above of evidence concerning the carrying of the weapon concealed at times other than the one for which he was indicted. It will be noted that the court by admonition told the jury not to consider the evidence of carrying a concealed weapon at times and places other than at the time of the shooting. In the absence of such admonition the contention of appellant would be correct. The contention relative to this evidence also must fall.

We shall consider (2) and (3) together since they go to the question of whether or not there was sufficient evidence to take the cause to the jury. There is considerable contrariety of evidence relative to the use of the pistol. There was evidence of shooting on the outside, after which the pistol was then taken into the house and placed on a table. Martitia Tackett, in whose home the shooting took place, testified that the appellant came to her home and asked if supper was ready, stating that he was hungry; that she prepared the table and that the appellant with others came in and sat down at the table; that upon entering the home defendant asked if she cared for him taking a little drink; that he then brought out some liquor and while sitting at the table took two or three drinks; and that after flashing a few one hundred dollar bills, he pulled his gun out. She was asked: "Where did he get his gun from? A. I can't swear which pocket but remember of him reaching down and getting it at the corner of the table; he was setting at the corner of the table and reached down and got it." She testified she did not see the gun before he got it out. There was other testimony about his taking the gun out of one pocket and putting shells in it, and taking the shells out and putting it back in the same pocket or another pocket, and that the gun could not be seen when back in the pocket. Even though there was denial of this by appellant, it is quite obvious that there was conflicting evidence, and consequently, a matter that should go to the jury.

Lastly, appellant complains of the instructions.

The particular instruction complained of is Instruction No. 1, as follows: "If you believe from the evidence in this case beyond a reasonable doubt that the defendant Vert Newsome, in Pike County, and before the time of the indictment herein, and at the time and place referred to in the evidence, willfully carried upon or about his person a concealed deadly weapon, to-wit: a pistol, you will find him guilty as charged in the indictment and fix his punishment at confinement in the state penitentiary for not less than two years nor more than five years, in your discretion."

It is contended by appellant that the portion of the instruction "at the time and place referred to in the evidence" was not specific, and that since there was evidence of carrying a concealed deadly weapon at places other than in the home of Martitia Tackett, the court should have been specific and have had the instruction to read "at the home of Martitia Tackett" instead of "at the time and place referred to in the evidence." We refer again to the admonition of the court relative to that matter. The court told the jury as follows: "The jury will only try him for having the pistol concealed, if he did have it concealed, at the place where the man got shot; that is the time you are trying him for, if he did have it concealed; that will be a question for the jury, whether he had it concealed or not there, but that is the time you are trying him for, and not back over at some other place. You have to try these cases one at a time."

Coupling that admonition with the fact that he was also being tried for shooting and wounding with intent to kill, it would be difficult to imagine that a jury could have been misled in any way, or have concluded they were trying him for carrying a weapon concealed at some other time.

Under this evidence, we cannot conclude other than that the rights of the appellant were properly cared for. We will not usurp the prerogatives of the jury when there is such conflicting evidence as herein. This rule is so well established that it is entirely unnecessary to make citations in support thereof.

The judgment is affirmed.